This morning I would like to argue that the misrepresentations that were involved in this case were stated with the requisite particularity that the allegations provide a strong inference of intent to deceive because securities were sold the securities laws both state and federal are implicated that the transaction was not registered with the SEC or with the Department of Corporations and that the broker selling the investments were not licensed to sell and finally that the sale for purposes of section 12-1 should be the date in which the rental management agreement was signed. The promoters in this case, Your Honors, raised over $173 million from investors to finance the development of an income-producing property in San Diego under the brand Ardrock Hotel. The scheme to do that came into existence as a result of the developer's decision to change the project from a self-funded to a public hotel. The developers proceeded even though their financial analysis showed that the hotel investment would not work for the investors. They determined that financially it did not work. The developers told investors, however, that the development did work. Can I back you up and ask where in the complaint would I find or in the operative complaint information as to what was available to the buyers about the RMA at the time of the signing of the contracts in 2006? In the complaint, you will find that the buyers were told from the beginning that... Where? Can you point me to that? Because I was having a lot of trouble with dates in this document. Yes, okay. Let me do that. This is a very important question, I think, Counselor, because I couldn't find anything from the review of the Second Amendment complaint that your clients were induced into entering into the contract by the forthcoming rental agreement. Right. I couldn't find that in there any place. Well, thank you, nor could I. All right. And what the way that we dealt with that in the complaint and the way I would deal with that here is that the economic... Are we going to refer to the complaint? Because I couldn't find it. I looked all over for it, and I couldn't find it. Okay. Yes, as you know, the totality of the complaint has to be reviewed, not just a single provision. And I will tell you and I will represent to you that from the totality of the facts and circumstances, it was always contemplated. I mean, my worry is that reading the complaint, and I was trying to compare the complaint with Hawking, because Hawking seems to be your best case. And I looked very carefully. In Hawking, they only allowed the agreements to be investments in land interest or management services if they were a part of the inducement. So I looked all over in the complaint to try to come up where you'd alleged it was an inducement and couldn't find one. From the facts? In fact, the only part of the complaint I find that even comes close is where one alleges that the units would be managed by Tarsadia or a rental management agency Tarsadia hired. That's the closest I got. Well, I will tell the court and I will represent to the court that the rental management agreement was promoted at the time that the contracts... What you say is fine. What we're after is we're looking at a complaint. This was dismissed on the complaint. Right. But the test of the complaint is the economic reality of the transaction. That's what the law requires. Hawking requires you to look at the economic reality of the transaction. And the economic reality of the transaction shows that the assets were pooled, there were group sales, okay, so you take all the assets and you would pool the assets, there were group sales. Is there anything in the complaint that ever says that one gets an investment opportunity from the purchase of a condo unit? Well, what it's the... I mean, in the complaint. In the complaint, in the complaint, there is a... Because in order really to get an investment opportunity, in order for one to think they're going to profit from a rental program, they've got to know about it. And I didn't see this pleaded. I'm really focusing in on your complaint because it seems to me that's what I have to look at. Well, Your Honor, I think that if we look at the purchased investment, the investment contracts, if we look at, for example, ER 30-33, there is a section of the complaint, if I may look at ER 41. Okay. It's written as expectation of profit as the product of efforts of others. And the... Which paragraph there on 41? Starting with 92. But, for example, in ER 41, section 92, the developer controlled the design and construction. This is all going to the economic reality. They had exclusive room rental agent, ER 457. Authority to set the room rates was the developer's. They managed the hotel and hotel rooms as commercial units. That's ER 41, paragraph 92. I apologize for interrupting your question. Go ahead. Let's say one were to accept that that adequately pled that the RMA was contemplated at the time of the sale. Then why wouldn't the statute begin to run at the time of the sale as opposed to the time of the RMA? Go on. Mute. The statute, the two-year statute, begins from knowledge of the violation. Right. And so if what you're indicating is paragraph 92 is an awareness of these restrictions at the time of the sale in 06, why wouldn't that be the starting date for the statute? Because the violation was the misrepresentation that the project worked financially, that the violation was the fact that, and that is laid out, the misrepresentations, and that's one of the things that the misrepresentations. I think her question is pretty specific. Right. If you're saying that the statute doesn't begin until the time the rental agreement happens, it seems a little worrisome that the transaction was an investment because the rental program was mandatory in a condition of ownership, which is also your allegation.  But the misrepresentation, Your Honor, if I may say, the misrepresentation that we're talking about is when they say with millions of people visiting San Diego every year, this is a project, this is a diamond-forged project. Actually, let me go back. The misrepresentation which says we've been working on this project for three years, and at the end of the day we have a fantastic project that works all day. That's ER 50, Section 113. When was that? Do you plead when that representation was made? That was made at the time of the original purchase. Where do you plead that? That's in ER 50, Section 113. And that's line 10. Now, so what this case is about is misrepresentations, and the misrepresentations which are set forth in, again, in Paragraph 113, we detail the misrepresentations in Paragraph 113, and what we say is there was no evidence that anyone discovered an intent to deceive or that, in fact, the developers had already developed internally the information that the project didn't work. Where do we have the dates of those alleged misrepresentations in the complaint? The ones at 113, where can we go? Those are in the record. Those are in the record. The dates are in the record. Yes. Are they in the complaint? Well, the complaint alleges all throughout the dates. The dates are the transaction started in May of 2006, and that is set out in detail throughout the entire complaint. And the way that the transactions work is it started in May of 2006, and originally what happened was they promoted the rental management agreement at the same time. Where do we see that alleged? I'm representing that to you that I am. Counsel, if I could interject. It doesn't really, at least from, you know, my standpoint, it doesn't help for me to hear a representation of what you represent as reality. What I think we need to know is when there's a dismissal on the pleadings, what was alleged in the complaint. So I would urge you to keep going back to what your allegations are, not what you think you can honestly allege is reality. The second point is at some point I'd like you to please address what is the significance, for purposes of asking whether we can look at all these agreements together as a package, what is the significance, if any, of the time that lapsed in between the sale of the units on the one hand and the entry of the rental agreement on the other hand. Right. The SEC answers that question, and what the answer is is that you do look at the units, you do look at the agreements, you have the original purchase contract, you have the unit contract that tied up the... You can look right at him if you want. Thank you, Your Honor. You have the purchase contract, and then you have the unit contract, which were both executed at the same time, and those tied up the unit, and then a year later you had the actual contract for the rental management agreement. And as the SEC said, if you use the economic reality test and you look at the totality of the circumstances, those three contracts come together and they create a whole, and that was what was contemplated from the very beginning, and that's what the SEC has argued in their amicus brief in support of our position. So now going back to the misrepresentation, if you look at paragraph 113, it delineates our misrepresentations. And then if you... What's the site on that? The site is 113, which is ER 49 and 50. Okay, 49. Thank you. I just wanted to get there. Right. But particularly, and then, in other words, what the case is about is about misrepresentations. And what the Court below got mixed up on was the issue about whether a security or whether the facts were out there that would have given someone knowledge about whether there was a security or not, and those two got muddled in his reasoning. Once you establish that there's misrepresentations, and again, if you look at paragraph 113, you'll see in detail, as well as 116, that the misrepresentations were that the project worked when they knew it didn't, and then they took the next step. They went about describing it. They went about describing the project and its attributes. We've been working on the project for three years. They worked on it for three years and discovered that it didn't work. So can I ask, where in the complaint do I find the date that you're alleging your clients discovered the misrepresentations? We have a section that alleges discovery, and it's paragraphs 132 and 133. And it alleges it in the terms of having discovered within the statute of limitations and having filed within the statute of limitations. But I also ask you, if you'll look at the entirety of the complaint, that the circumvention of the Federal securities laws, we argue, shows a very strong intent to deceive, Your Honor. And I know – I just ask you just to give me the benefit of the doubt on this one. When you raise $170 million and you don't register the securities with the SEC or the Department of Corporations, you do that because you're attempting to evade the screening process that the DOC and the SEC applies to offerings to make sure that they don't have misrepresentations. Let me ask you a question. You're about to run out of time, so I just want to make sure. Isn't it true that only claims 3 and 5 do not allege fraud in some manner? Only claims – I'm sorry, say that again to me. Only in claims 3 and 5 do we not have any allegation of fraud in some manner. So in all claims except those in 3 and 5, if you don't sufficiently state what you should in order to plead fraud, I'd throw them all out. But 3 and 5 do not allege any fraud. But they're the only paragraphs that don't. Right. But I would ask this one – Now, do you agree with that? Your Honor, I don't agree or disagree. I'm not able to answer that question. You're not able to answer? Because – only because you're saying the word fraud. And that – Well, frankly, what I'm trying to figure out is where I apply the doctrine of what you have to plead and plead specifically in order to make your complaint go. I need to – And I only found that claim – Does rule 9b apply is what I understand Judge Smith's question to relate to. My belief is that I have to plead with particularity across the board. I – In every claim? Well, 12 – that's why I say the law is so – I would apply across the board that there's a particularity requirement. Even under 12 – even under 12.2, even under the State laws, there is a particularity requirement because of material assistance. But what I'm saying to you is this. There is a profound amount of information that we have that would allow us to correct any deficiency in our complaint. We have the ability to now – I have a document that documents – documents that that rental management agreement was promoted at exactly the same time that I did not have at the time that I managed to – I filed the complaint. So you're arguing now stuff not in the record? Well, I'm arguing on good faith to ask Your Honors if you are inclined not to find sufficiency in our – in our pre-pleading to give us at least the opportunity to amend to bring in facts that we do have and that would allow us to cure whatever concerns that you have. All right. Your time is completed. Thank you very much. Thank you very much. Good morning, Your Honors. My name is Frederick Kranz. I do represent Tarsadia here. I have seven and a half minutes because I also have another defendant playground represented over there. So I'll try to make the most of it. Your Honors, I think this – I submit for your consideration two issues. The first issue which Mr. Aguirre addressed is whether or not the plaintiffs have pled a security case. I suppose we could have a long discussion on that, but I think this case begins and ends with your consideration of the second issue, which is the statute of limitations. All of the claims are barred. The lower court held that this case was time barred because in May of 2006, the plaintiffs entered into the purchase and sale agreement. They initialed the paragraphs at issue, they signed the agreements, and they obligated themselves to purchase what is now alleged to be a security. That, Your Honors, was three and one-half years before the case was filed. Under those facts alone, we look to 12A2, and we don't find anything within the absolute three-year statute. We then turn to the issue of the other causes of action under the issue of reasonable diligence and disclosure. I'd like to point the court to paragraphs 19A, B, and C of the agreement, which I believe is contained on ER 370. 370? I believe so, Your Honor. Okay. The contract contains representations that first say in 19A, we are buying real estate, not an investment. B and C say, we are hereby representing to you that we do not rely on any oral representations as to investment or as to profit from the rental of the units. Moreover, paragraph 20 then provides that there are no representations, it's an integration clause, and the addendums, paragraphs 4 and 12, contain the same. And all of those, Your Honors, are signed, and those paragraphs initialed in May of 2006, three and one-half years before this case was filed. I submit to you that paragraph 19A and 19B establish an absolute piece of logic that I'll share with the court. There are only two possibilities. One possibility is that the plaintiffs are telling the truth, and they're telling us that they didn't rely on representations, that they're buying real estate, and there is no investment intent. In that case, Your Honor, of course there is no security, because those representations are true. The other possibility, Your Honor, is they are initialing paragraphs that they know at the time are false, because they know that they are buying an investment, they know that they are relying on representations, and they knew it when they initialed those paragraphs. And I submit under that kind of actual and implied knowledge, we look to the controlling precedent. And I would look, Your Honor, to In Re Countryside, which also relies on Atari, which is the case where Judge Felser explains the duty of inquiry, and it's a two-step process. When there's suspicion of fraud and a reasonable person would look further. And I submit, Your Honors, when they initial those paragraphs 19A, B, and C, when they sign the agreements knowing that there are false representations in that agreement, they're on inquiry notice to look at all of the other issues presented to them. And I submit, Your Honors, that every single claim that is presented within the complaint are contained within that agreement, the addendum, the unit management agreement, and the other documents, CC&Rs, which were provided as of May of 2006. It's of some worry to go to the statute of limitations on two different claims. Well, two different sets of claims. One is the federal securities fraud claim, which is claim two, because under statute of limitations for that claim, it seems to me that one has to say the plaintiff's actually discovered. We're not on inquiry notice with the federal securities fraud claim. We're on actual discovery. Now, my worry is that, frankly, I'm not so good on the statute of limitations claim because I can't see in the plaintiff's complaint where they allege enough facts to satisfy the applicable pleading standard so I can tell when they actually discovered. So I'm having a tough time really going with the statute of limitations on that claim because I'm having a tough time reading through their complaint to find out when they actually did it. Inquiry is not enough there. Do you want to respond to that problem? I absolutely would agree, Your Honor. But we're talking about 12A2 here, I believe. And under 12A2, we have the three-year absolute statute. So we're talking about misrepresentation. Yes, Your Honor. And I suggest to Your Honor that irrespective of whether we're talking inquiry notice or actual notice, we need only look to paragraphs 19 and 20. The actual notice was that they knew, if you believe the complaint, they knew in May of 2006 that the defendants were making misrepresentations, that they were offering investment, that they did tell them there would be a return on the rental, and that they did make investment representations. All right. Now the misrepresentation claim. Why don't we go the state law securities fraud claim or the common law fraud? Now here we change to inquiry notice. Yes, Your Honor. So we're in a little bit different thing, unlike the 10B claim. But again, I guess I'm having a tough time with this one because it seems to me that the plaintiff's fraud claims, if at all, are contained in the Hard Rock Guide and the Frequently Asked Questions form that was associated with the RMA as grounds for their fraud claims, if I read their complaint correctly. So I guess, again, I'm having a tough time understanding, based on their pleading, whether I can really get there on the statute of limitations for those common law fraud claims. And I appreciate that concern, Your Honor. But the obligation, again, on the plaintiff's side is to allege the elements of fraud and allege the proper discovery of the fraud, and they have not done this. I understand. But I understood you were addressing the statute of limitations claims, so I was just trying to have you help me, if you could, with me looking at the statute of limitations and making the decision based on that. And, Your Honor, I would like to go there. I find that I'm seven minutes left, and I would love to continue, but I'd like to turn this over, please, to other counsel. Thank you, Your Honor, for your time. Thank you. May it please the Court. Daniel Benjamin, on behalf of Defendant Playground Destination Properties, Incorporated. Mr. Kranz, in a lot of ways, has already stolen my thunder. He has addressed the crucial issue here, which is that we have an interrelated problem. Everything, if this was on a teeter-totter, everything that the plaintiffs want to say about how this was a security requires them to show that there was a transaction in 2006 that obligated them in 2007 to go ahead and enter into a rental management agreement. All of those facts were already known in 2006. It's, of course, in paragraph 19 of the purchase contract. It's, again, stating the addendum elsewhere that this is not being sold as an investment. If it's true that this is not sold as an investment, there's no security. If it's not true, then there's actual notice on statute of limitations. They allege that the 28-day use restriction somehow made this security. Again, that's in the purchase contract. It's in the unit maintenance agreement. That's known in 2006. If it makes it a security, it's already known. If it doesn't make it a security, they don't have a case, and the claims end. And each one of the facts that they have premised this being a security on are all facts that simply were known to these plaintiffs in 2006. They were right there in the contracts, and they had a responsibility to read those contracts. They were purchasing large, expensive condominium units. Counsel, Judge Gould, if I could ask a question. Is the delay between the buying of the units and the entry of the rental management agreement, is that not pertinent to whether we look at this as a security, or is it relevant? And if it's relevant, explain how. The delay is relevant to the fact that this is not a security, and the reason why it's relevant is because in the Hawking decision, this court sitting on bunk said that you had to show that the opportunity to rent the unit was sold as a package with the purchase agreement. When we have here the delay, and the court identified the fact that the complaint never says people were given rental agreements before they signed purchase agreements, but that delay, the fact that we see these rental agreements not being signed until eight months or more after the purchase agreement, shows that we have a separate series of transactions. First, people decided to buy real estate. Then they decided if they wanted to enter into an optional rental agreement. On those facts, we're not within Hawking. We're not within their best case because we don't have a package. And so does the complaint not allege that the rental agreement's existence was an inducement to buy the condo units? What the complaint attempts to allege is that it was necessary to enter into the rental agreement because of the structure of the purchase contract. But the purchase contract very specifically states, and people agreed in Paragraph 19 and elsewhere, that they were not purchasing the units based on any inducement or promise of the rental agreement, and, in fact, the rental agreement is made optional. People were free to rent these units either through a different program or to self-rent them. So as long as you keep a separation between the optional rental agreement and the purchase contract, as the court can tell from the contracts, then we don't have a security. And, Counsel, could you address, please, what you think are the relevant legal points as to whether we should, assuming we agree with you on the claims aren't we plead their complaint? Your Honor, I've now argued this issue three times, this being the third, twice in front of the district court on this question of whether or not a security was adequately pled. And I would refer the Court to the record of my first argument on this matter, which is, I believe, ER 545 to 575, when this was argued a second time, which was ER 79 to 166, as well as to the order dismissing the First Amendment complaint. What happened at each argument is Mr. Aguirre stood up and he did exactly what he's done today. He said, oh, I have some new facts. I'm going to come up with something new. But he was given the opportunity. The Court looks at the First Amendment complaint, the order dismissing the First Amendment complaint. Judge Sobraw was very clear with Mr. Aguirre that the allegations of common enterprise and expectation of profits based on the efforts of others, that those allegations needed to be more specific. They had to pass Iqbal, and, of course, they have to pass 9b as well. And he directed Mr. Aguirre to amend the complaint. Mr. Aguirre had that opportunity, and he came into the next argument and simply said, well, I'll add even more. And, of course, that's what he's doing this morning again. But when there was an opportunity for the plaintiff to amend on the very specific issue that we're now here, when the district court provided that opportunity, the plaintiff did not use the opportunity, did not amend to address the issues that he knew he needed to amend. I think at that point, Your Honor, the district court is always well within its discretion to say you had the opportunity, you didn't do it. You can't keep on showing up in court and saying, oh, I've got a new theory. There's something new I can say. I don't want to continue on those issues unless the Court has more questions. I did want to briefly note, because there's a unique issue as to my client, of the broker-dealer claim that's been stated against my client, I simply want to direct the Court's attention to the briefing on that. That statute clearly relates to a situation where somebody is a true broker-dealer. That is, they are the person who both owns the security and sells the security. That's why the primary remedy in that California Corporations Code is for rescission, and only if the security has been transferred can you possibly have a remedy of damages. What the plaintiff is trying to do here is create a brand-new cause of action that's actually forbidden by the California Corporations Code to try and create a brand-new cause of action for somebody who's allegedly, in this case, a broker. They were not a broker-dealer. They did not own the alleged security here. Obviously, that statute is inapplicable. Given the strength of both the securities and the statute of limitations argument, I don't know if the Court would reach that issue, but I want to make sure I at least identified it. If the Court has no further questions. Kennedy. No questions. Thank you very much. Appreciate it. We did let you go over it for the first time, Counselors, so I think we'll submit this case. The case of Salome v. Tarsadio Hotel, 1155479 is submitted, and we will take a recess. This Court stands at recess. Thank you. Thank you.
judges: Gleason, Gould, Smith